**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID LOPEZ,

  Plaintiff,                               CASE NO.

-vs-

BANK OF AMERICA CORPORATION,

  Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, DAVID LOPEZ (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, BANK OF AMERICA CORPORATION (hereinafter "Bank of America" or "Defendant"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC, Trans Union LLC, and Experian Information Solutions, Inc. (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

6. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County, Florida; the violations described in this Complaint occurred in this District; and Defendant transacts business within this District.

9. Plaintiff is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

10. Bank of America is a national banking association headquartered at 100 North Tryon Street, Charlotte, North Carolina 28255, that regularly conducts business in the State of Florida, including within this District and is authorized to do business in the State of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Rd, Plantation, FL 33324.

11. Bank of America is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

12. Bank of America furnished information about Plaintiff to the CRAs that was inaccurate.

**FACTUAL ALLEGATIONS**

13.     Plaintiff is believed to be a victim of identity theft.

14.     On or about May 8, 2026, Plaintiff attempted to purchase a vehicle and when the dealership pulled his credit in connection with his application, Plaintiff was shocked to discover four (4) accounts on his credit report that he did not recognize and never opened.

15.     Two of the aforementioned fraudulent accounts were with Bank of America:

i.     Bank of America Partial Account # 440066XXX, opened 4/23/2015 with a balance of $3,527

ii.     Bank of America Partial Account # 552433XXX, opened 8/12/2019 with a balance of #3,135.00

16.     Notwithstanding the derogatory and fraudulent tradelines appearing on his credit file, Plaintiff was approved for financing that same day but at an increased nineteen percent (19%) interest rate.

17.     Plaintiff was born in 2005 and did not turn eighteen (18) years old until 2023. Therefore, the fraudulent Bank of America accounts were opened when Plaintiff was approximately ten (10) and fourteen (14) years old.

18.     Plaintiff never opened, applied for, authorized, or had any knowledge of either of these two Bank of America accounts prior to discovering them on his credit report on or about May 8, 2026.

19. Upon obtaining copies of his credit reports, Plaintiff learned that TransUnion was not reporting any of the four fraudulent accounts, while Experian was reporting all four, including the two fraudulent Bank of America accounts.

20. Plaintiff has not been able to obtain a copy of his Equifax credit report from any source and, upon information and belief, has been disputing fraudulent accounts with Equifax preemptively.

21. On or about May 13, 2026, Plaintiff mailed detailed written dispute letters via certified USPS Mail to Experian (9570 1157 8726 6133 8555 22) and Equifax (9570 1157 8726 6133 8555 08), disputing, among other accounts, the two fraudulent Bank of America accounts. In the dispute letters, Plaintiff explained that there were issues with his credit report like addresses and accounts that were opened unbeknown to him and included personal identifying information, including his driver's license and proof of residence, to substantiate his identity and dispute.

22. On or about May 20, 2026, Plaintiff received a letter from Experian stating that the dispute was received but that the documentation was not sufficient to make the requested changes or deletions and that the dispute had been forwarded to the furnishers, including Bank of America, to complete the investigations.

23. On or about June 8, 2026, Plaintiff received further results from his first dispute letter from Experian and was shocked to see the two fraudulent Bank of America accounts verified as accurate.

24.    Plaintiff's credit results also stated under Notices: "Your date of birth indicates that credit may have been established before age of 18." Notwithstanding this notice, and notwithstanding the documentation and explanation Plaintiff provided, Bank of America verified both of its tradelines as accurate and continued furnishing the inaccurate information to the CRAs.

25.    Plaintiff cannot comprehend how Bank of America could continue verifying accounts that were unmistakably opened while Plaintiff was a minor of ten (10) and fourteen (14) years of age, particularly where at least one other furnisher, Westlake Financial Services, agreed to delete its similarly-situated fraudulent tradeline following that very same round of disputes.

26.    On or about June 15, 2026, Plaintiff pulled updated credit reports and confirmed that both of Bank of America's fraudulent accounts were still being reported.

27.    On or about July 1, 2026, having not received full relief following Bank of America's investigation, Plaintiff mailed a second set of disputes to Experian (9407 111 0549 5835 0728 86) and Equifax (9407 1111 0549 5835 0728 31), again disputing the two Bank of America accounts. In this letter, he provided copies of the reporting accounts and his driver's license as well as tracking from his prior letter. Plaintiff explained how it should be obvious the accounts don't belong to him based

on his date of birth and requested the fraudulent Bank of America accounts be removed.

28.    On or about July 25, 2026, notwithstanding his ongoing efforts to correct his credit file, and notwithstanding that he obtained a co-signer, Plaintiff was only able to secure a second auto loan at a thirteen percent (13%) interest rate — a rate directly impacted by the continuing presence of the fraudulent Bank of America accounts on his credit file in the preceding months.

29.    On or about July 30, 2026, Plaintiff pulled an updated Experian credit report and discovered that finally, both fraudulent Bank of America accounts had finally been removed, although he had already suffered higher interest rates due to the egregious error

30.    Upon information and belief, had Bank of America conducted a reasonable investigation of Plaintiff's disputes as required by 15 U.S.C. § 1681s-2(b), it would have discovered — as it eventually and belatedly acknowledged by deleting the accounts — that neither account could lawfully belong to Plaintiff.

31.    Upon information and belief, Experian notified Bank of America of Plaintiff's dispute. However, Bank of America failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

32. Bank of America did not conduct a reasonable investigation despite Plaintiff's initial plea and dispute letter. Bank of America should have easily been able to determine the accounts were fraudulent based on date of birth alone, yet initially verified the fraudulent accounts.

33. If at any point during the process the Defendant had conducted a reasonable investigation, the results would have been different.

34. Other individuals have lodged complaints similar to Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

35. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix his credit, including postage paid, wasted ink and paper, and wasted time;

ii. Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

iv. Loss of the ability to benefit from lower interest rates, as evidenced by the nineteen percent (19%) interest rate Plaintiff was forced to accept on his May 8, 2026 auto loan and the continued thirteen percent (13%)

interest rate on his July 25, 2026 auto loan notwithstanding the addition of a co-signer;

v.   Apprehensiveness to apply for new credit due to fear of rejection; and

vi.   Defamation, as Plaintiff's information has been published by Defendant to third parties, including but not limited to FICO and VantageScore, to calculate Plaintiff's credit score.

## CAUSES OF ACTION
### COUNT I
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Bank of America, N.A. (Negligent)

36.   Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

37.   Bank of America furnished inaccurate account information to Experian, and upon information and belief, Equifax, and through those CRAs to all of Plaintiff's potential lenders.

38.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

39.   After receiving Plaintiff's disputes, Bank of America violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

erroneous accounts; (ii) failing to review all relevant information regarding same, including that the accounts were opened while Plaintiff was a minor; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the fraudulent accounts to the consumer reporting agency.

40.     Plaintiff provided all the relevant information and documents necessary for Bank of America to have identified that the accounts were fraudulent and did not belong to him.

41.     Bank of America did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence to have verified that Plaintiff was not the responsible party, including the fact that the accounts were opened when Plaintiff was a minor. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify that the accounts belonged to Plaintiff.

42.     Bank of America violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

43.     As a direct result of this conduct, action, and/or inaction of Bank of America, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

44.    The conduct, action, and/or inaction of Bank of America was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

45.    Plaintiff is entitled to recover costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DAVID LOPEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, BANK OF AMERICA, CORPORATION, jointly and severally award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Bank of America, N.A. (Willful)

46.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully stated herein.

47.    Bank of America furnished inaccurate account information to Experian, and upon information and belief, Equifax, and through those CRAs to all of Plaintiff's potential lenders.

48.    After receiving Plaintiff's disputes, Bank of America violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same, including that the accounts were opened while Plaintiff was a minor; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the fraudulent accounts.

49.    Plaintiff provided all the relevant information and documents necessary for Bank of America to have identified that the accounts were fraudulent and did not belong to him.

50.    Bank of America did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including the fact that the accounts were opened when Plaintiff was a minor. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify that the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

51.    Bank of America violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

52.    As a direct result of this conduct, action, and/or inaction of Bank of America, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

53.    The conduct, action, and/or inaction of Bank of America was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

54.    Plaintiff is entitled to recover costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DAVID LOPEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, BANK OF AMERICA, CORPORATION, jointly and severally award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DAVID LOPEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, BANK OF AMERICA, CORPORATION, jointly and severally award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just and proper.

DATED this 12th day of August, 2026.

Respectfully submitted,

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com
*Attorney for Plaintiff*